UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABDOOL AZEEZ, <br><br> Petitioner. | 22-CV-6028 (LTS) <br><br> ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

     Petitioner Abdool Azeez proceeds in this matter *pro se*. He seeks to challenge a state court conviction, but he does not identify the conviction. By order dated September 19, 2022, the Court directed Petitioner to complete a 28 U.S.C. § 2254 form, which was attached to the September 19, 2022, order, following Petitioner's request that the court provide him with a Section 2254 form. On October 14, 2022, the court's Clerk's Office received a letter from Petitioner, in which he stated that he did not intend to file his Section 2254 petition at that time. Rather, he stated, he was merely requesting that the Clerk's Office provide him with a Section 2254 form, indicating that he was exhausting his unexhausted constitutional claims in the state courts, with the intent to return to this court upon completion of that exhaustion. Accordingly, on October 24, 2022, the Court denied the petition without prejudice to any Section 2254 petition Petitioner filed following his exhaustion in the state courts of his constitutional claims.

     On June 1, 2023, the Court received a letter from Petitioner, stating, "I do not know how to prepare my federal habeas corpus petition and I am kindly asking your honor if you can please assign me an attorney to prepare and file[ ] my federal corpus petition." (ECF 11.)

     As discussed below, the Court denies without prejudice Petitioner's request for the appointment of counsel but grants him 60 days to complete the attached Section 2254 form.

## DISCUSSION

**A.  Appointment of Counsel**

Petitioner has requested the appointment of counsel. There is no constitutional right to counsel in *habeas corpus* proceedings. Where a court "determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B) (the Criminal Justice Act ("CJA")). In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in this Circuit consider the same factors as those applicable to requests for *pro bono* counsel in other civil actions. *See, e.g.*, *Zimmerman v. Burge*, 492 F. Supp. 2d 170, 176 n.1 (E.D.N.Y. 2007) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)); *In re Pizzuti*, 10 Civ. 199, 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7, 2010). Those factors include the likelihood of success on the merits, the complexity of the legal issues, and the movant's ability to investigate and present the case. *See Cooper*, 877 F.2d at 172; *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court has considered these factors and finds that appointment of counsel is not warranted at this time because Petitioner has not submitted a petition to determine whether the appointment of counsel is warranted. Accordingly, the request for the appointment of counsel is denied without prejudice. Petitioner may reapply for appointment of counsel after he has submitted his completed Section 2254 form.

**B.  Order to Reopen**

The Court construes Petitioner's June 1, 2023, letter, dated May 29, 2023, as including a motion to reopen this action. The Court grants the request and directs the Clerk of Court to vacate the order of dismissal and the civil judgment. (ECF 8-9.) The Court also grants Petitioner 60 days to complete and submit the attached Section 2254 form. At this stage, Petitioner is only

required to: (1) include the date his judgment of conviction was rendered and by which court, (2) the dates he filed his direct appeal and any post-conviction motions, (3) the dates his appeal and any post-conviction motions were decided, and (4) the grounds he seeks to raise in his Section 2254 petition, including any grounds he raised on direct appeal or in any post-conviction motion. If Petitioner believes that his petition is untimely, he must provide reasons why he did not submit his petition on time.

Petitioner is not required to provide any arguments at this stage; he must simply complete the attached form.

## CONCLUSION

The Court directs the Clerk of Court to vacate the order of dismissal and the civil judgment. (ECF 8-9.) The Court also directs the Clerk of Court to reopen this action. The Court grants Petitioner 60 days from the date of this order to complete the attached Section 2254 form. The form must be submitted to the Clerk's Office within 60 days of the date of this order, be captioned as an "Amended Petition," and bear the same docket number as this order. A Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner should complete as specified above.

The Court denies Petitioner's request for the appointment of counsel (ECF 11), without prejudice to renewal.

SO ORDERED.

Dated:   June 14, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

AO 241                                                                                                                                                         Page 1
(Rev. 06/13)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

**(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)**

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:
   **Clerk, United States District Court for
   Address
   City, State  Zip Code**

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241                                                                                                                                                         Page 2
(Rev. 06/13)

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
# HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: | |
|---|---|---|
| Name (under which you were convicted): | | Docket or Case No.: |
| Place of Confinement : | | Prisoner No.: |
| Petitioner (include the name under which you were convicted) v. | Respondent (authorized person having custody of petitioner) | |
| The Attorney General of the State of | | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing:

3. Length of sentence:

4. In this case, were you convicted on more than one count or of more than one crime?  ❐ Yes  ❐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

6. (a) What was your plea? (Check one)
   - ❐ (1) Not guilty         ❐ (3) Nolo contendere (no contest)
   - ❐ (2) Guilty             ❐ (4) Insanity plea

AO 241 Page 3
(Rev. 06/13)

      (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

      (c) If you went to trial, what kind of trial did you have? (Check one)

          ❐ Jury      ❐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

          ❐ Yes      ❐ No

8. Did you appeal from the judgment of conviction?

          ❐ Yes      ❐ No

9. If you did appeal, answer the following:

      (a) Name of court:

      (b) Docket or case number (if you know):

      (c) Result:

      (d) Date of result (if you know):

      (e) Citation to the case (if you know):

      (f) Grounds raised:

      (g) Did you seek further review by a higher state court?      ❐ Yes      ❐ No

          If yes, answer the following:

      (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Result:

      (4) Date of result (if you know):

AO 241 (Rev. 06/13)                                                                                                                      Page 4

    (5) Citation to the case (if you know):

    (6) Grounds raised:

  (h) Did you file a petition for certiorari in the United States Supreme Court?  ❏ Yes  ❏ No

    If yes, answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ❏ Yes  ❏ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a) (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes  ❏ No

    (7) Result:

    (8) Date of result (if you know):

AO 241 (Rev. 06/13)

Page 5

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

           ❐ Yes    ❐ No

        (7) Result:

        (8) Date of result (if you know):

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

AO 241 (Rev. 06/13)

Page 6

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ❒ Yes  ❒ No

    (7) Result:

    (8) Date of result (if you know):

  (d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:  ❒ Yes  ❒ No

    (2) Second petition: ❒ Yes  ❒ No

    (3) Third petition:  ❒ Yes  ❒ No

  (e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

  **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 06/13)

Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 06/13)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ❐ Yes    ❐ No

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❐ Yes    ❐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

AO 241                                                       Page 9
(Rev. 06/13)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)       **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❏ Yes ❏ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❏ Yes ❏ No

(4) Did you appeal from the denial of your motion or petition? ❏ Yes ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❏ Yes ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241       Page 11
(Rev. 06/13)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?   ❒ Yes   ❒ No

        (2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❒ Yes   ❒ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:

AO 241 (Rev. 06/13)

Page 12

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ❒ Yes     ❒ No

(4) Did you appeal from the denial of your motion or petition?     ❒ Yes     ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❒ Yes     ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 06/13)

Page 13

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes   ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 06/13)                                                                                                            Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?       ❒ Yes   ❒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?       ❒ Yes   ❒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 06/13)                                                                                                                                   Page 15

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 06/13)

Page 16

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.