UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ABDOOL AZEEZ,

                      Petitioner,

      –against–

LYNN LILLY, SUPERINTENDENT OF
EASTERN N.Y. CORRECTIONAL FACILITY,

                     Respondent.
---------------------------------------------------------------X

**ORDER**

22 Civ. 6028 (KMK)(JCM)

      Petitioner Abdool Azeez ("Petitioner"), proceeding *pro se*, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 18, 2023. (Docket No. 15) (the "Amended Petition"). On the same day, Petitioner filed a motion to stay his judgment of conviction in the New York State County Court for Westchester County ("Westchester County Court"). (*See* Docket No. 13) (the "Motion").[1] For the reasons set forth below, Petitioner's Motion is denied.

**I.     BACKGROUND**

      The Court limits the background facts to those necessary to resolve the Motion. On July 21, 2023, Petitioner filed an Amended Petition arguing that: (1) his grand jury proceedings were defective; (2) the court, prosecutors and counsel conspired against him to admit false evidence at trial; and (3) the court lacked jurisdiction over him. (Docket No. 15). At the same time, Petitioner moved "to stay the execution of the judgment impose[d] upon [him] by the Westchester County Supreme Court on January 9, 2018." (Docket No. 13 at 1). Respondent opposed the Amended Petition on November 21, 2023, arguing that Petitioner's claims were

---

[1] All page numbers refer to the pagination on ECF unless otherwise specified.

untimely and not cognizable on habeas review, but did not respond to the Motion. (Docket Nos. 29–31).

## II. LEGAL STANDARD

"A stay, as sought by petitioner, is equivalent to the admission to bail and is within the authority of the court." *Stepney v. Lopes*, 597 F. Supp. 11, 13 (D. Conn. 1984). Federal courts have "the 'inherent authority to admit to bail individuals properly within their jurisdiction.'" *Boddie v. New York State Div. of Parole*, No. 08 Civ. 9287 (LAP)(DF), 2009 WL 1531595, at *1 (S.D.N.Y. May 28, 2009)[2] (quoting *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001)). However, the standard is "difficult [] to meet," and the court's authority should "be exercised in special cases only." *Mapp*, 241 F.3d at 226. Courts consider three factors to determine whether to grant a motion for a stay of judgment releasing a petitioner from state custody:

> (1) whether substantial claims are set forth in the habeas corpus petition;
> (2) whether the petitioner has demonstrated a likelihood of success on the merits of his or her petition; and
> (3) whether there are extraordinary circumstances attending the petitioner's situation which would require release on bail in order to make the writ of habeas corpus effective.

*Boddie*, 2009 WL 1531595, at *1; *see also Richard v. Abrams*, 732 F. Supp. 24, 25 (S.D.N.Y. 1990) ("[a]n essential factor . . . is the necessity that the petition present merits that are more than slightly in petitioner's favor."). In weighing these factors, the court evaluates whether the "case [is] distinguishable from other habeas corpus cases[,]" *Stepney*, 597 F. Supp. at 14, and may decide the motion "[w]ithout determining the merits of the petition." *Livingston v. Miller*, 18-CV-0803 (BKS)(DJS), 2019 WL 2281111 at *2 (N.D.N.Y. May 5, 2019).

---

[2] If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

### III. DISCUSSION

Petitioner moves to stay judgment of his conviction in Westchester County Court on the grounds that: (1) the "conduct which was used to imprison Petitioner constitute[s] a criminal offense" under federal law, and (2) such conduct deprived Petitioner of his "fundamental Constitutional rights provided by" the Fourth, Fifth, Sixth, Seventh, Ninth and Fourteenth Amendments to the United States Constitution. (Docket No. 13 at 1–2). Petitioner argues that these were "unprecedented" violations. (*Id.*).

Petitioner fails to satisfy the high standard for a stay of execution of his judgment in state court. Petitioner's Motion is based on two grounds, both of which are recitations of arguments included in his Amended Petition. (*Compare* Docket No. 13 at 1–2 *with* Docket No. 15 at 4–21). Since "[v]rituallyall habeas corpus petitioners argue that their confinement is unlawful," *Iuteri v. Nardoza*, 662 F.2d 159, 162 (2d Cir. 1981), the "fact that [P]etitioner is incarcerated in alleged violation of his constitutional rights does not constitute an extraordinary circumstance" warranting a stay of his conviction and release from the state's custody. *Livingston*, 2019 WL 2281111 at *3. Moreover, "that [Petitioner's] post-petition incarceration will have been without just basis if his petition eventually succeeds does not constitute an extraordinary[] circumstance entitling him to bail." *Harris v. United States*, No. 97 CIV. 1904 (CSH), 1997 WL 272398, at *1 (S.D.N.Y. May 21, 1997). Therefore, Petitioner has not shown that his case is "distinguishable from other habeas corpus cases[.]" *Stepney*, 597 F. Supp. at 14.

Finally, Petitioner's claims fall short of the "extraordinary circumstances" required for relief, as they are unlikely to succeed on the merits. *Boddie*, 2009 WL 1531595, at *1. Without deciding the merits of the Amended Petition, Petitioner's claims, on their face, appear to be untimely. (*See* Docket No. 30 at 7–13). Petitioner's conviction became final on November 24,

2021; thus, he had until November 28, 2022, to file a timely petition. (*See id.* at 7); *see also* 28 U.S.C. § 2244(d)(1)(A).  However, Petitioner did not file his Petition until July 18, 2023. (Docket Nos. 15; 30 at 7).  Petitioner's claims also appear to be either procedurally barred or not cognizable on federal habeas review. (*See* Docket No. 30 at 14–21).  Thus, Petitioner has not shown that his "claims are so substantial as to justify the unusual remedy of granting bail." *Livingston*, 2019 WL 2281111 at *2.

### IV.   CONCLUSION

For the foregoing reasons, Petitioner's Motion is denied.  The Clerk of Court is respectfully requested to terminate the pending Motion (Docket No. 13), and mail a copy of this Order to the *pro se* Petitioner.

Dated:  December 1, 2023
         White Plains, New York

**SO ORDERED**:

_____
JUDITH C. McCARTHY
United States Magistrate Judge