UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ABDOOL AZEEZ,

                        Petitioner,

      –against–

LYNN LILLY, SUPERINTENDENT OF
EASTERN N.Y. CORRECTIONAL FACILITY,

                        Respondent.
-------------------------------------------------------------X

**ORDER**

22 Civ. 6028 (KMK)(JCM)

      Presently before the Court is petitioner Abdool Azeez's ("Petitioner") application for appointment of *pro bono* counsel, dated November 26, 2023. (Docket No. 34 at 4). Respondent Lynn Lilly ("Respondent") has not responded. For the reasons set forth herein, the Court denies Petitioner's application.

      While a habeas petitioner does not have a constitutional right to counsel, the Court has discretion to appoint counsel to any person "seeking relief" under 28 U.S.C. § 2254 when "the interests of justice so require and such person is financially unable to obtain representation." *Padilla v. Artuz*, No. 07 Civ. 5957 (DAB)(DF), 2008 WL 126599, at *1 (S.D.N.Y. Jan. 4, 2008) (quoting 18 U.S.C. § 3006A). In exercising its discretion, the Court must make two initial inquiries: (1) whether Petitioner can afford counsel; and, if not, (2) whether the merits of the Petition "seem[] likely to be of substance." *Massey v. Greinal*, 164 F. Supp. 2d 377, 378 (S.D.N.Y. 2001) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986)). Only after these initial findings may the Court "consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably

lead to a just resolution of the dispute." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citing *Hodge*, 802 F.2d at 61–62).

As an initial matter, in his application to proceed *in forma pauperis*, Petitioner notes that he is unable to support his children because he only has "about $175" in his bank account and spends his monthly stipend of $100–$150 on food. (Docket No. 3 at 2). Thus, Petitioner has demonstrated that he is indigent and cannot afford counsel. *See Harrison v. New York City Admin. for Children's Servs.*, No. 02 CIV. 0947 (RCC)(RLE), 2002 WL 2022871, at *1 (S.D.N.Y. Sept. 3, 2002) (a movant may show indigence by "only ha[ving] a *de minimis* amount in her savings account."). Further, on the face of the Petition, the Court finds that at least one of the claims asserted by Petitioner may have merit.

Nevertheless, the Court is not persuaded that the appointment of counsel is warranted at this juncture. To date, Petitioner has thoroughly litigated this case without the assistance of counsel; including filing his Petition and motions, both of which include cites to statutory and constitutional authority, relevant facts and procedural history. (*See generally* Docket Nos. 13; 15). Petitioner's ability to gather relevant facts and advocate on his own behalf "weigh[s] against a finding . . . that appointment of counsel is necessary for justice to be served." *See Martinson v. U.S. Parole Comm'n.*, No. 02 Civ. 4913 (DLC)(DF), 2004 WL 203005 (S.D.N.Y. Feb. 2, 2004), at *3; *see also Person v. Ercole*, No. 08 Civ. 7532 (LAP)(DF), 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009) (denying request for counsel where "Petition [wa]s clearly written and coherent, showing that [Petitioner] [wa]s able to present his claims."). Moreover, Petitioner has not "made any showing of special circumstances that warrant the appointment of counsel in his case." *See Ross v. Brown*, No. 09 Civ. 5737 (PKC)(DF), 2010 WL 3154561, at *3 (S.D.N.Y. Aug. 3, 2010) (Petitioner does not claim "language difficulties or mental health

problems"). Nor are Petitioner's claims so complex or unique to require the involvement of an attorney. *See id.*

Furthermore, while Petitioner seeks counsel to "assist [Petitioner] in obtaining discover[y]," (Docket No. 34 at 4), habeas petitioners are "not entitled to discovery as a matter of ordinary course," *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), but rather, may only be granted discovery in the exercise of judicial discretion and "for good cause shown." *See* Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts. This case requires only the determination of legal issues, which are set forth in the Petition, and to which Respondent has responded. (*See* Docket Nos. 15; 30). Thus, "[n]o factual investigation, cross-examination, or elaborate presentation of proof is necessary." *See Velasquez v. Edwards*, No. 00 Civ. 8784 (LAK)(RLE), 2004 WL 3030057, at *2 (S.D.N.Y. Dec. 30, 2004) ("If no evidentiary hearing is necessary, the appointment of counsel is not warranted."); *see also Newton v. Coombe*, No. 97 CIV. 2951 (BSJ)(RLE), 1998 WL 418923, at *2 (S.D.N.Y. July 23, 1998). Consequently, the interests of justice do not require appointment of counsel. *See Carmona*, 243 F.3d at 632.

Accordingly, Petitioner's application for counsel is denied with leave to renew should circumstances change. The Clerk of the Court is respectfully requested to mail a copy of this Order to the *pro se* Petitioner.

Dated: December 15, 2023
       White Plains, New York

                              **SO ORDERED**:

                              _____
                              JUDITH C. McCARTHY
                              United States Magistrate Judge