UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ABDOOL AZEEZ,

                        Petitioner,

        –against–

LYNN LILLY, SUPERINTENDENT OF
EASTERN N.Y. CORRECTIONAL FACILITY,

                       Respondent.
-------------------------------------------------------------X

**ORDER**

22 Civ. 6028 (KMK)(JCM)

      By letter, dated December 18, 2023, Petitioner Abdool Azeez, proceeding *pro se*, moved for discovery in support of his petition for a writ of habeas corpus. (Docket No. 42) (the "Motion"). The District Attorney of Westchester County, on behalf of Respondent Lynn Lilly, Superintendent of Eastern New York Correctional Facility, ("Respondent"), opposes the Motion. (Docket No. 44). For the reasons set forth herein, the Motion is denied.

      "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Naranjo v. United States*, 16 Civ. 7386 (JSR)(SLC), 2019 WL 4879297, at *1 (S.D.N.Y. Oct. 3, 2019) (citation omitted). "The Second Circuit has noted that 'Rule 6(a) of the Rules Governing Section 2255 Proceedings . . . provides that a [Section] 2255 petitioner is entitled to undertake discovery only when the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'" *Id.* (citing *Lewal v. United States*, 152 F.3d 919, 1998 WL 425877 at *2 (2d Cir. 1998) (unpublished summary order)). Petitioner bears a "heavy burden," and "may show good cause by presenting specific allegations that give the court reason to believe that the petitioner may" prevail in his claim for relief if the Court grants the requested discovery. *Renis v. Thomas*, No. 02 Civ. 9256 (DAB)(RLE), 2003 WL 22358799, at *1–2 (S.D.N.Y. Oct. 16, 2003) (citation omitted). Where

-2-

a "petitioner provide[s] no specific evidence that the requested material would support his habeas corpus petition," the "court has discretion to deny [his] motion for discovery." *Gonzalez v. Bennett*, No. 00 CIV. 8401 (VM), 2001 WL 1537553, at *4 (S.D.N.Y. Nov. 30, 2001).

Here, Petitioner fails to meet his burden because he: (1) was already provided with the relevant discovery during his state court proceedings (with the exception of the grand jury materials, which are not discoverable) (Docket No. 44 at 1); and (2) has failed to make a specific showing that he is more likely to prevail if the Motion is granted. *See Naranjo*, 2019 WL 4879297 at *1 (denying a motion for discovery where the petitioner provided only a generalized statement regarding the possibility that the discovery would support his claim). Thus, Petitioner is not entitled to the requested discovery.

Accordingly, Petitioner's Motion is denied. The Clerk of the Court is respectfully requested to mail a copy of this Order to the *pro se* Petitioner.

Dated: January 5, 2024
      White Plains, New York

**SO ORDERED**:

_____
JUDITH C. McCARTHY
United States Magistrate Judge