UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDOOL AZEEZ,

                    *Petitioner*,

    v.

SUPERINTENDENT LYNN LILLY,

                    *Respondent*.

No. 22-CV-6028 (KMK)

ORDER & OPINION

Appearances:

Abdool Azeez
Napanoch, NY
*Pro se Petitioner*

Jill K. Oziemblewski, Esq.
Shea Catherine Scanlon, Esq.
Westchester County District Attorney's Office
White Plains, NY
*Counsel for Respondent*

KENNETH M. KARAS, United States District Judge:

On November 14, 2017, Abdool Azeez ("Petitioner") was convicted of three counts of rape in the second degree. (*See* Trial Tr. (Dkt. No. 31-3) at 971:6–974:1.) On January 9, 2018, Petitioner was sentenced to three consecutive terms of seven years of imprisonment and ten years of supervised release. (*See* Sentencing Tr. (Dkt. No. 31-4) at 16:9–17:6.)

On August 8, 2019, Petitioner filed a direct appeal through counsel. (*See* Dkt. No. 30-9.) On April 7, 2021, the New York Appellate Division, Second Department affirmed Petitioner's conviction and sentence. *See People v. Azeez*, 146 N.Y.S.3d 284, 287 (N.Y. App. Div. 2021). Petitioner's request to appeal to the New York Court of Appeals was denied. *See People v. Azeez*, 174 N.E.3d 355 (Table) (N.Y. 2021).

On June 23, 2022, Petitioner initiated this Action by submitting a letter to the Clerk of Court. (*See* Dkt. No. 1.) On September 19, 2022, Chief Judge Laura Taylor Swain held that Petitioner's letter did not constitute a habeas petition and directed him to submit an amended petition within 60 days. (*See* Dkt. No. 5 at 1.) On September 29, 2022, Petitioner filed a letter that did not include an amended petition. (*See* Dkt. No. 7.) On October 24, 2022, the Court dismissed the Action without prejudice. (*See* Dkt. No. 8.) On May 29, 2023, Petitioner requested that the Court reopen the case. (*See* Dkt. No. 11.) The Court granted his request. (*See* Dkt. No. 12.)

On July 18, 2023, Petitioner filed a Petition for Writ of Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2254. (*See* Pet. (Dkt. No. 15).) Construed broadly, Plaintiff asserts that the trial court lacked jurisdiction, new exculpatory evidence has been discovered, the indictment was fraudulently filed, he was denied his right to a fair and speedy trial, his confession was coerced, he is factually innocent, he was falsely arrested, the evidence presented against him was fabricated, he is being unlawfully imprisoned, his imprisonment constitutes cruel and unusual punishment, and he received ineffective assistance of counsel. (Pet. 4.)

On October 27, 2023, the Court referred this matter to Magistrate Judge Judith C. McCarthy. (*See* Dkt. No. 25.) On August 7, 2024, Judge McCarthy issued a Report and Recommendation ("R&R"), recommending that the Petition be denied. (*See* R&R (Dkt. No. 71).) No objections were filed.[1]

---

[1] Judge McCarthy provided notice that, pursuant to 28 U.S.C. § 636(b)(1)(C), objections to the R&R were due within fourteen days from the receipt of the R&R, and that the failure to object would constitute a waiver of either Party's right to raise any objections to the R&R on appeal. (*See* R&R 19–20.)

When no objections are filed, the Court reviews an R&R on a dispositive motion for clear error. *See Clark v. New York*, No. 22-CV-6635, 2024 WL 4003152, at *2 (S.D.N.Y. Aug. 30, 2024). The Court has reviewed the R&R, and finding no substantive error, clear or otherwise, adopts the R&R in its entirety.

Accordingly, it is hereby ORDERED that the Report and Recommendation, dated August 7, 2024, is ADOPTED in its entirety and that the Petition is DISMISSED. Additionally, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Small v. Orange Cnty. Ct., Prosecutors Off.*, No. 18-CV-2716, 2020 WL 1082710, at *2 (S.D.N.Y. Mar. 5, 2020) (citing *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000)), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, *Whitted v. Stallone*, No. 11-CV-7569, 2016 WL 1268278, at *1 (S.D.N.Y. Mar. 30, 2016) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).

The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner and close the case.

SO ORDERED.

Dated:   July 1, 2025
         White Plains, New York

KENNETH M. KARAS
United States District Judge